```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

TERANCE HEALY,                :
TODD M. KRAUTHEIM,            :
in the name of                :
THE UNITED STATES,            :    CIVIL ACTION
                              :
    Plaintiffs,               :
                              :
    v.                        :
                              :    NO.  13-4614
KATHLEEN KANE, et al.,        :
                              :
    Defendants.               :

**ORDER**

AND NOW, this     day of          , 2013, upon consideration of Attorney General Kathleen G. Kane's Request for Extension of the Responsive Pleading Deadline and Waiver of the pro hac vice requirements for Non-Pennsylvania Defendants, and Plaintiffs' response thereto, if any, it is hereby ORDERED and DECREED that the Request is GRANTED. The Non-Pennsylvania Defendants shall not be required to file a responsive pleading to Plaintiffs' pro se Complaint until thirty days after the Court rules on Attorney General Kathleen Kane's Motion to Dismiss the Complaint. It is further ORDERED that if the Non-Pennsylvania Defendants are required to file a responsive pleading, the pro hac vice requirements for the non-Pennsylvania defendants are waived.

                                   BY THE COURT


                                   _____
                                   O'Neill, S.J.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


TERANCE HEALY,                  :
TODD M. KRAUTHEIM               :
in the name of                  :
THE UNITED STATES,              :    CIVIL ACTION
                                :
     Plaintiffs,                :
                                :
     v.                         :
                                :    NO. 13-4614
KATHLEEN KANE, et al.,          :
                                :
     Defendants.                :
```

**PENNSYLVANIA ATTORNEY GENERAL KANE'S REQUEST FOR EXTENSION OF THE RESPONSIVE PLEADING DEADLINE AND FOR WAIVER OF PRO HAC VICE REQUIREMENTS FOR NON-PENNSYLVANIA DEFENDANTS**

In accordance with Rules 1 and 6(b)(1)(A) of the Federal Rules of Civil Procedure, defendant Pennsylvania Attorney General Kathleen G. Kane hereby requests that this Court enter an order extending the responsive pleading deadline for the Non-Pennsylvania Defendants and waiving pro hac vice requirements for the Non-Pennsylvania Defendants. In support of her request, she relies upon the attached memorandum of law.

Wherefore, defendant Attorney General Kathleen Kane respectfully requests that her motion be granted.

                    KATHLEEN G. KANE
                    ATTORNEY GENERAL

BY: /s/RANDALL J. HENZES
     Randall J. Henzes
     Deputy Attorney General
     Identification No. 53256

     Gregory R. Neuhauser
     Chief Deputy Attorney General
     Chief, Litigation Section

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2136
Fax: (215) 560-1031

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TERANCE HEALY,                    :
TODD M. KRAUTHEIM                 :
in the name of                    :
THE UNITED STATES,                :    CIVIL ACTION
                                  :
       Plaintiffs,                :
                                  :
       v.                         :
                                  :    NO.  13-4614
KATHLEEN KANE, et al.,            :
                                  :
       Defendants                 :
```

**PENNSYLVANIA ATTORNEY GENERAL KANE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXTENSION OF THE RESPONSIVE PLEADING DEADLINE AND WAIVER OF THE PRO HAC VICE REQUIREMENTS FOR NON-PENNSYLVANIA DEFENDANTS**

**I. STATEMENT OF THE CASE**

Pro se Plaintiffs Terance Healy and Todd M. Krautheim filed this civil action in the name of the United States of America against Pennsylvania Attorney General Kathleen G. Kane and the Attorneys General of the forty nine other States in the country as well the Attorneys General of the District of Columbia and the Unites States territories of American Samoa, Guam, Puerto Rico, Northern Mariana Islands, and the U.S. Virgin Islands. Plaintiffs' Complaint challenges the constitutionality of Rule 1.6 of the Pennsylvania Rules of Professional Conduct.[1]

It appears that Plaintiffs mistakenly believe that the jurisdictions in which the Non-Pennsylvania Attorneys General

---

[1] Rule 1.6(a) of the Rules of Professional Conduct, provides in pertinent part: "A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent.

operate have all enacted identical rules to that of Pennsylvania and, further, that the Attorneys General in those jurisdictions are charged with either enacting or enforcing such rules. As will be explained in her Motion to Dismiss, the Pennsylvania Attorney General does not enact and has no authority to enforce the Pennsylvania Rules of Professional Conduct.

Plaintiffs allege that they are not bound by Rule 1.6 yet, paradoxically, also purport that Rule 1.6 has denied them life, liberty and property without due process of law and that the Rule prevents them from petitioning the government for redress of grievances. They request this court to declare Rule 1.6 unconstitutional.

Although Attorney General Kane does not represent the other defendants, in the interest of judicial economy, Attorney General Kane now asks this Court for an order that would extend the responsive pleading deadline for Non-Pennsylvania Attorneys General until the Court rules on her forthcoming Motion to Dismiss. Attorney General Kane also requests that Court waive <u>pro hac vice</u> requirements for the Non-Pennsylvania Defendants.

**II. ARGUMENT**

Federal Rule of Civil Procedure 1 provides that the Federal Rules of Civil Procedure govern the procedure in all civil actions and proceedings in the United States District Courts and that they should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and

proceeding." Federal Rule of Civil Procedure 6(b)(1)(A) allows a court to extend the time to file a responsive pleading for good cause.

Plaintiffs sue 56 Attorneys General regarding the constitutionality of Rule 1.6 of the Pennsylvania Rules of Professional Conduct. The Court, however, lacks subject matter jurisdiction over plaintiffs' claim. Additional defenses to the lawsuit include lack of personal jurisdiction, insufficient process and/or insufficient service of process[2], and failure to state a claim upon which relief can be granted. Attorney General Kane intends on filing a motion to dismiss raising the defenses lacks subject matter jurisdiction over plaintiffs' claim and failure to state a claim upon which relief can be granted. Should the Court grant Attorney General Kane's motion and, for example, find that it lacks subject matter jurisdiction over plaintiffs' claims, it can *sua sponte* apply that same reasoning to plaintiffs' claims against the non-Pennsylvania defendants, thereby obviating the need for each defendant to file its own motion raising the same defenses.[3] Otherwise, the Court would be

---

[2] As of the filing of this document, the docket indicates that none of the named non-Pennsylvania defendants have been served with a copy of the complaint.

[3] The Court may also notice *sua sponte* the Complaint's failure to assert standing for the claims against the non-Pennsylvania defendants.  No injury is identified as traceable to these defendants, and hence this Court cannot redress any injury by way of a grant of relief.  This lack of standing deprives the Court of a case or controversy as to these defendants, and is grounds for a *sua sponte* dismissal. <u>Already, LLC v. Nike, Inc.</u>, 568 U.S. ____,___, 133 S. Ct. 721, 726

inundated with 56 separate motions raising these defenses, including lack of subject matter jurisdiction. The Court, by accepting the alternative approach proposed herein, will promote the goal of a "just, speedy and inexpensive determination" of this action as set forth in Federal Rule of Civil Procedure 1.

If the Court does not accept this approach and determines that each defendant should file its own motion to dismiss, Attorney General Kane requests that the Court waive the pro hac vice requirements for the Non-Pennsylvania Defendants, at least for purposes of filing a Rule 12(b) motion. Waiver of these requirements would save the Non-Pennsylvania Defendants the time, effort and expense associated with the filings of these applications in a case that is jurisdictionally and legally unsound. Additionally, this approach would save this Court from having to approve 55 pro hac vice applications. This approach is also consistent with the goals of Rule 1 to ensure a speedy, just and inexpensive determination of every action and proceeding.

---

(2013); Chafin v. Chafin, 568 U.S. ____, ___, 133 S. Ct. 1017, 1023 (2013); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); Juidice v. Vail, 430 U.S. 327, 331 (1977); Unalachtigo Band of Nanticoke Lenni Lenape Nation v. Corzine, 606 F.3d 126, 129 (3d Cir. 2010); FOCUS v. Allegheny Cnty. Court of Common Pleas, 75 F.3d 834, 838 (3d Cir. 1996).

**III. CONCLUSION**

Based upon the forgoing Attorney General Kane requests that her motion be granted.

                                       KATHLEEN G. KANE
                                       ATTORNEY GENERAL

                              BY: <u>/S/RANDALL J. HENZES</u>
                                       Randall J. Henzes
                                       Deputy Attorney General
                                       Identification No. 53256

                                       Gregory R. Neuhauser
                                       Chief Deputy Attorney General
                                       Chief, Litigation Section

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2136
Fax: (215) 560-1031

**CERTIFICATE OF SERVICE**

I, Randall J. Henzes, Deputy hereby certify that on September 6 2013, Attorney General Kathleen G. Kane's General Kathleen G. Kane's Motion for Extension of the Responsive Pleading Deadline for the Non-Pennsylvania defendants and for Waiver of the Pro Hac Vice Requirements for Non Pennsylvania defendants was filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that a true and correct copy of same was mailed on September 6, 2013, by first class mail, postage prepaid to:

| | |
|---|---|
| Terance Healy | Todd M. Krautheim |
| 871 Mustang Road | 207 Woodspring Circle |
| Warrington, Pa 18796 | Doylestown, Pa 18901 |

                                        KATHLEEN G. KANE
                                        ATTORNEY GENERAL

                         BY:  /S/RANDALL J. HENZES
                                        Randall J. Henzes
                                        Deputy Attorney General
                                        Identification No. 53256

                                        Gregory R. Neuhauser
                                        Chief Deputy Attorney General
                                        Chief, Litigation Section

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2136
Fax: (215) 560-1031