UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Terance Healy ) <br> Todd M. Krautheim ) <br> In the name of THE UNITED STATES ) <br> ) <br> v. ) <br> ) <br> Kathleen Kane ) <br> Pennsylvania Attorney General; ) <br> And ) <br> The Attorneys General of the United States ) <br> ) | Civil Action#   13-4614 <br><br> **FILED** <br><br> SEP 1 1 2013 <br><br> MICHAEL E. KUNZ, Clerk <br> By_____Dep. Clerk |

PLAINTIFF'S RESPONSE TO
PENNSYLVANIA ATTORNEY GENERAL KANE'S REQUEST FOR EXTENSION OF
THE RESPONSIVE PLEADING DEADLINE AND FOR WAIVER OF PRO HAC VICE
REQUIREMENTS FOR NON-PENNSYLVANIA DEFENDANTS

1. Pennsylvania Attorney General Kathleen Kane fails to indicate upon whose authority, or necessity, she is requesting an order extending the responsive pleading deadline for the 'non-Pennsylvania Defendants'.

2. Attorney General Kane anticipates filing a Motion to Dismiss citing standard procedural defenses which suggest that the lack of subject matter jurisdiction over the plaintiff's claim; lack of personal jurisdiction, insufficient process and/or insufficient service of process; and failure to state a claim upon which relief can be granted.

3. The Plaintiffs affirm and reassert the information provided in the initial pleading on August 8, 2013 with regard to jurisdiction invoked under 28 USC 1331, 1343 and 1345;  Venue; Service pursuant to Rule 5.1(a)(2);  and their claim to which relief can be granted – the restoration of constitutionally protected rights.

4. Attorney General Kane is mistaken that the 'non-Pennsylvania Defendants' have not been served, or have been insufficiently served with the documents.

5. A Certificate of Service filed September 6, 2013 with the United States District Court for the Eastern District of Pennsylvania indicates proof of service to <u>each</u> of the Attorneys General was <u>accomplished</u> and further provides evidence indicating
    - the (1) mailing on August 13, 2013;
    - the (2) Certified Mail Receipts indicating acceptance by the United States Postal Service of the documents for delivery to <u>each</u> defendant; and
    - the (3) return receipt signature cards <u>confirming delivery</u> of the initial pleading to <u>each</u> defendant.

6. Plaintiffs have challenged the constitutionality of Rule 1.6 Confidentiality of Information of the Rules of Professional Conduct as the rule causes the complete denial of constitutionally protected rights while subverting justice and corrupting the judiciary.

7. 'Rule 1.6 Confidentiality of Information' has been enacted into law in Pennsylvania and the forty nine other states, the District of Columbia, and the US Virgin Islands.   Rule 1.6 has not yet been enacted into law in American Samoa, Guam, Northern Mariana Islands and Puerto Rico.

8. The Attorneys General have been served with the Civil Action/Challenge pursuant to Rule 5.1(a)(2) as a state statute is being challenged.

9. The Plaintiff's acknowledge Attorney General Kane's statement that the Attorneys General are not responsible for enacting or enforcing rules such as Rule 1.6 and that "the Pennsylvania Attorney General does not enact and has no authority to enforce the Pennsylvania Rules of Professional Conduct."

10. The dismissive and deliberate lack of authority is by design.  The subsequent lack of any enforcement is intentional.  The inability of the legislature to address such matters is evident.  **These are the symptoms** which predict and indicate the loss of constitutionally protected rights to litigants.

11. The Attorneys General are requested and encouraged to provide the identity of the person(s), author(s), contractor(s), or organization(s) responsible for enacting and enforcing Rule 1.6 in their respective state as their action, or inaction, has resulted in the loss of constitutionally protected rights for litigants without recourse.

12. Rule 1.6 does not directly apply to the Pro Se Plaintiffs, but it indirectly results in their loss of constitutionally protected rights.

13. Rule 1.6 does apply to lawyers, the judiciary, the court administrators,  the disciplinary boards, the judicial conduct boards, many levels of law enforcement, the state legislature, the Attorneys General and the Governors.

14. The effect of the mandate to follow Rule 1.6 results in a lawful failure to address misconduct.

15. The lawful misconduct evolves into crime and corruption which is not addressed, acknowledged or prosecuted creating the unconstitutional loss of rights, while adversely affecting the integrity of the judiciary, negatively impacting the legal profession, and subverts the legislature who is powerless to take any action to address the rule.

16. Attorney General Kane recently stated that she is responsible to enforce the law, and that she is a lawyer who is responsible to follow the Rules of Professional Conduct.

17. Rules 1.6 makes it lawful, <u>and mandatory</u>, for Attorney General Kane to ignore criminal actions and organizations within the Commonwealth of Pennsylvania when they relate to lawyers, the judiciary, the court administrators, the disciplinary boards, the judicial conduct boards, many levels of law enforcement, the state legislature, herself and the Governor.

18. Criminal activity is incorrectly dismissed by the Attorney General and all levels of law enforcement as a lack of jurisdiction where <u>they have jurisdiction</u>, but they lack ability to take lawful action to address the crimes protected by Rule 1.6.

19. Plaintiffs concur with Attorney General Kane's request for a courtesy waiver of pro hac vice requirements for 'non-Pennsylvania Defendants' as it indeed promotes their goal of a 'just, speedy and inexpensive determination' of this action.

The Plaintiffs look forward to working with the Attorneys General to address this challenge as our goals are not in opposition and the task before us is great.

The Plaintiffs view the Attorneys General not as adversaries, but fellow patriots, who can see and respect a sincere interest in returning the integrity and reputation of the judiciary and the judicial system, delivering to the legislature the ability to perform the duties of their position to manage the law, and restore the rights of all citizens in the United States.

Respectfully,

_____           _____
Terance Healy                              Todd M. Krautheim
c/o 871 Mustang Road                       207 Woodspring Circle
Warrington, PA  18976                      Doylestown, PA  18901
(215) 262-0938                             (215) 489-9790

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Terance Healy )<br>Todd M. Krautheim )<br>In the name of THE UNITED STATES )<br>)<br>v. )<br>)<br>Kathleen Kane )<br>Pennsylvania Attorney General; )<br>And )<br>The Attorneys General of the United States )<br>) | Civil Action#   13-4614 |

CERTIFICATE OF SERVICE

Plaintiffs hereby certify that on September 10, 2013, a copy of the

PLAINTIFF'S RESPONSE TO PENNSYLVANIA ATTORNEY GENERAL KANE'S REQUEST FOR EXTENSION OF THE RESPONSIVE PLEADING DEADLINE AND FOR WAIVER OF PRO HAC VICE REQUIREMENTS FOR NON-PENNSYLVANIA DEFENDANTS

was filed in person by the Plaintiffs at

    The United States District Court for the Eastern District of Pennsylvania
    Philadelphia, Pennsylvania

and is available for viewing and downloading from the Court's Electronic Case Filing System.


_____    _____
Terance Healy                                                 Todd M. Krautheim
c/o 871 Mustang Road                            207  Woodspring Circle
Warrington, PA  18976                           Doylestown, PA  18901
(215) 262-0938                                        (215) 489-9790