```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TERRANCE HEALY, et al.,        :   CIVIL ACTION
                               :
     Plaintiffs,               :
                               :
        v.                     :
                               :    NO.  13-4614
KATHLEEN KANE, et al.,         :
                               :
     Defendants.               :
```

**ORDER**

AND NOW, this day of      ,    2013, upon consideration of the Attorney General Kathleen G. Kane's Motion to Dismiss Plaintiff's Complaint and plaintiffs' response thereto, it is hereby ORDERED that said motion is GRANTED. Plaintiffs' Complaint against Attorney General Kathleen Kane is DISMISSED.

```
                    BY THE COURT


                    _____
```

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

TERRANCE HEALY, et al.,           :    CIVIL ACTION
                                  :
    Plaintiffs,               :
                                  :
        v.                    :
                                  :    NO.  13-4614
KATHLEEN KANE, et al.,            :
                                  :
    Defendants.               :

**ATTORNEY GENERAL KANE'S MOTION TO DISMISS COMPLAINT**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Attorney General Kathleen G. Kane by her attorney, Deputy Attorney General Randall J. Henzes hereby moves this Court to dismiss plaintiffs' Complaint. In support her motion, she relies upon the attached memorandum of law.

Wherefore, Attorney General Kathleen Kane requests that plaintiffs' complaint be dismissed.

```
                              KATHLEEN G. KANE
                              ATTORNEY GENERAL

                          BY: /S/RANDALL J. HENZES
                              Randall J. Henzes
                              Deputy Attorney General
                              Identification No. 53256

                              Gregory R. Neuhauser
                              Chief Deputy Attorney General
                              Chief, Litigation Section
Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2136
Fax: (215) 560-1031
```

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TERRANCE HEALY, et al.,       :   CIVIL ACTION
                              :
    Plaintiffs,               :
                              :
       v.                     :
                              :   NO.  13-4614
KATHLEEN KANE, et al.,        :
                              :
    Defendants.               :
```

**ATTORNEY GENERAL KANE'S
MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**I.** STATEMENT OF THE CASE

Pro se Plaintiffs Terrance Healy and Todd M. Krautheim filed this civil action in the name of the United States of America against Pennsylvania Attorney General Kathleen G. Kane and the Attorneys General of the forty nine other States in the country as well the Attorneys General of the District of Columbia and the Unites States territories of American Samoa, Guam, Puerto Rico, Northern Mariana Islands, and the U.S. Virgin Islands. Plaintiffs' Complaint challenges the constitutionality of Rule 1.6 of the Pennsylvania Rules of Professional Conduct.[1]

Plaintiffs allege that they are not bound by Rule 1.6 yet, paradoxically, they purport that Rule 1.6 has denied them life, liberty and property without due process of law and that the

---

[1] Rule 1.6(a) of the Rules of Professional Conduct, provides in pertinent part: "A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent.

Rule prevents them from petitioning the government for redress of grievances. They request this Court to declare Rule 1.6 unconstitutional.

Attorney General Kane now moves to dismiss plaintiffs' complaint filed against her. This memorandum of law is submitted in support of her motion.

**II. ARGUMENT**

**A. PLAINTIFFS' LACK STANDING TO BRING THIS ACTION**

Article III of the Constitution grants the Judicial Branch authority to adjudicate "Cases" and "Controversies." In our system of government, courts have "no business" deciding legal disputes or expounding on law in the absence of such a case or controversy. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006). That limitation requires those who invoke the power of a federal court to demonstrate standing—a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).

The "irreducible constitutional minimum" of Article III standing consists of three elements. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). First, the plaintiff

must have suffered a "concrete," "particularized" injury-in-fact, which must be "actual or imminent, not conjectural or hypothetical." Id. (quotation marks omitted). Second, that injury must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Id. (quotation marks and alterations omitted). Third, the plaintiff must establish that a favorable decision likely would redress the injury. Id.; see AT & T Commc'ns of N.J., Inc. v. Verizon N.J., Inc., 270 F.3d 162, 170-71 (3d Cir. 2001).

 Here, plaintiffs challenge the constitutionality of Rule 1.6 of the Pennsylvania Rules of Professional Conduct. Plaintiffs, however, alleges that they are not bound by the Rules of Professional Conduct. Since they are not bound by those rules, a determination by this Court on the constitutionality of the rule will have no effect on them. Further, plaintiffs have not identified how Rule 1.6 has caused them any injury and that if the Court declares Rule 1.6 unconstitutional how that injured will be redressed. While they alleged to have suffered injuries through other Court proceedings, they do not allege that they suffered those injuries as the result of Attorney General Kane enforcing or using Rule 1.6 against them. Accordingly, they

lack standing to challenge the constitutionality of Rule 1.6 and their complaint should be dismissed.

### B. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AGAINST ATTORNEY GENERAL KANE

Plaintiffs named Attorney General Kane in their quest to have Rule 1.6 of the Professional Rules of Conduct declare unconstitutional. Attorney General Kane does not have the statutory duty or authority to enforce Rule 1.6. See 71 Pa.S.C. § 732-204(a)(3).[2] The authority to enforce Rule 1.6 lies with the Pennsylvania Supreme Court. Article V, Section 10(c) of the Pennsylvania Constitution states that "[t]he Supreme Court shall have the power to prescribe general rules ... for admission to the bar and to practice law." PA. CONST. art. V, § 10(c). Thus, the Supreme Court is empowered by the Pennsylvania Constitution to exclusively govern the conduct of attorneys practicing law in this Commonwealth. Beyers v. Richmond, 594 Pa. 654, 665 (2007); Commonwealth v. Stern, 549 Pa. 505, 510 (1997). The Supreme Court's exclusive authority in this area is founded on the separation of powers between the branches of our Commonwealth's government. Beyers, 594 Pa. at 666–67.

---

[2] 71 Pa.S.C. § 732-204(a)(3) provides that the Attorney General must "uphold and defend the constitutionality of all statutes so as to prevent their suspension or abrogation in the absence of a controlling decision by a court of competent jurisdiction."

Therefore, any relief that Court could grant to plaintiff against Attorney General Kane will have no effect on the Pennsylvania Supreme Court. As such, plaintiffs have failed to state a claim against Attorney General Kane upon which may be granted. Accordingly, plaintiffs' complaint against Attorney General Kane should be dismissed.

### C. PLAINTIFFS CAN ONLY REPRESENT THEMSELVES

Plaintiffs, in addition to representing themselves, they purport to represent the United States and other individuals. Both plaintiffs allege that they are not members of Pennsylvania bar or admitted to practice law in any state or territory of the United States. As such they can only represent themselves and no other parties including the United States. 28 U.S.C. § 1654; People ex rel. Snead v. Kirkland, 462 F.Supp.914, 917 (E.D. Pa. 1978). Collins v. O'Brien, 93 U.S.App.D.C. 152, 208 F.2d 44 (1953), cert. denied 347 U.S. 944 (1954); United States v. Wilhelm, 570 F.2d 461 (3d. Cir. 1978); United States v. Whitesel, 543 F.2d 1176 (6th Cir. 1976), cert. denied, 431 U.S. 967 (1977); United States v. Kelley, 539 F.2d 1199 (C.A.9), cert. denied 429 U.S. 963 (1976).

**III. CONCLUSION**

Based upon the foregoing, Attorney General Kane requests that this Court grant her motion and dismiss plaintiff's complaint.

                              KATHLEEN G. KANE
                              ATTORNEY GENERAL

BY:  /s/ Randall J. Henzes
     Randall J. Henzes
     Deputy Attorney General
     Identification No. 53256

**CERTIFICATE OF SERVICE**

I, Randall J. Henzes, Deputy hereby certify that on September 27 2013, Attorney General Kathleen G. Kane's General Kathleen G. Kane's Motion to Dismiss Plaintiff's Complaint was filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System. I further certify that a true and correct copy of same was mailed on September 27, 2013, by first class mail, postage prepaid to:

Terrance Healy                     Todd M. Krautheim
871 Mustang Road                   207 Woodspring Circle
Warrington, Pa 18796               Doylestown, Pa 18901

                                   KATHLEEN G. KANE
                                   ATTORNEY GENERAL

                               BY: /S/RANDALL J. HENZES
                                   Randall J. Henzes
                                   Deputy Attorney General
                                   Identification No. 53256

                                   Gregory R. Neuhauser
                                   Chief Deputy Attorney General
                                   Chief, Litigation Section

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2136
Fax: (215) 560-1031