IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE HEALY, et al | : | CIVIL ACTION |
| | : | NO. 13-4614 |
| v. | : | |
| | : | |
| KATHLEEN KANE | : | |
| PENNSYLVANIA ATTORNEY | : | |
| GENERAL, et al | : | |

## ORDER

AND NOW, this 23rd day of October, 2013, upon consideration of plaintiffs' motion for corrections to the docket for this matter, it is ORDERED that the motion is GRANTED in part and DENIED in part as follows:

1. Plaintiffs' motion is GRANTED to the extent that it seeks to amend the caption to identify Afoa Leulumoega Lutu as the Attorney General of American Samoa. The Clerk is directed to amend the caption accordingly.

2. In all other respects the motion is DENIED.[1]

---

[1] Plaintiffs first assert that "[t]here are no entries in the PACER system for this docket." The docket for and the documents docketed in this matter can be found on the Court's Case Management Electronic Filing System (CM/ECF).
 Further, plaintiffs assert that the "listed 'Cause' does not reflect a Constitutional Challenge" and that "[t]his matter is NOT a § 1983 COLOR OF LAW matter." When plaintiffs prepared the civil cover sheet that accompanied their complaint, however, they checked the box indicating that this action is a "Civil Rights" action. Dkt. No. 1-1 at ECF p. 1.
 Plaintiffs further ask the court to "[e]xplain 'Special Case Management Track.'" Plaintiffs checked the Special Case Management Track box when they prepared their Case Management Track Designation Form. Dkt. No. 1-1 at ECF p. 2. As is set forth in the section regarding the "Case Management Track Designation Form" in the Clerk's Office Procedural Handbook for the United States District Court for the Eastern District of Pennsylvania, civil cases will be assigned to the "Special Management" track if they "need special or intense management by the court due to one or more of the following factors: (a) large number of parties . . . ." As plaintiffs themselves note in their motion for corrections, "[t]here are fifty eight named parties to this matter . . . ."

                                                       *s/Thomas N. O'Neill, Jr.*
                                                       THOMAS N. O'NEILL, JR., J.

---

      Finally, plaintiffs assert that "[e]ntries must be formatted for accuracy, consistency and clarity." They also contend that "[d]ocket entries have been made in paragraph form containing multiple documents [and] as such the content of the docket entries are misleading." The Court notes that the substance of the records entered on the docket trumps their docket descriptions. Finding no errors in the docket entries noted by plaintiffs, there is nothing to correct.