IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE HEALY, et al | : | CIVIL ACTION |
| | : | NO. 13-4614 |
| v. | : | |
| | : | |
| KATHLEEN KANE | : | |
| PENNSYLVANIA ATTORNEY | : | |
| GENERAL, et al | : | |

O'NEILL, J.                                                                                    October 29, 2013

## MEMORANDUM

Now before me is defendant Attorney General Kathleen G. Kane's motion to dismiss the complaint of plaintiffs Terance Healy and Todd M. Krautheim who are proceeding pro se and whose complaint asserts their claims "in the name of the United States." Dkt. No. 1 at ECF p. 1. Kane's motion seeks to dismiss plaintiffs' complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. After considering Kane's motion to dismiss and plaintiffs' response thereto and for the reasons that follow, I will dismiss plaintiffs' complaint.

## BACKGROUND

In this action plaintiffs claim they "seek to restore the constitutional rights of Pro Se litigants while restoring the integrity and reputation of the judiciary and the legal profession and deliver to the legislature the ability to perform the duties of their position to responsibly manage the law." Dkt. No. 1 at ECF p. 1. They claim to "challenge the constitutionality of Rule 1.6 Confidentiality of Information of the Rules of Professional Conduct as the rule causes the complete denial of constitutionally protected rights while subverting justice and corrupting the judiciary."[1] Id. at ECF p. 7. They assert, inter alia, that "Rule 1.6 denies a Pro Se litigant of an

---

[1] Rule 1.6(a) of the Pennsylvania Rules of Professional Conduct, provides in pertinent part that "[a] lawyer shall not reveal information relating to representation of a client

opportunity to petition the government for redress of grievances; denies a Pro Se litigant of life, liberty and/or property without due process of law; causes a denial of constitutionally protected rights by the State and as such is UNCONSTITUTIONAL." Dkt. No. 1 at ECF p. 16 (emphasis in original). Plaintiffs' complaint asserts their claims against Pennsylvania Attorney General Kathleen G. Kane and the Attorneys General of the forty nine other States as well the Attorneys General of the District of Columbia and the United States territories of American Samoa, Guam, Puerto Rico, the Northern Mariana Islands and the U.S. Virgin Islands. Id. at ECF pp. 1-6.

Plaintiffs' complaint alleges that Terance Healy is a party to a divorce action in the Court of Common Pleas for Montgomery County (Healy v. Healy, No. 2007-12477 (Pa. Ct. Com. Pls. Montgomery Cnty.)).[2] Id. at ECF p. 8. Plaintiffs' complaint alleges that an appeal from the divorce action "filed in August 2001 was ignored, neglected by the Prothonotary and not forwarded to the Superior Court" and that "[a]n Appeal filed in May 2013 is currently before the Superior Court of Pennsylvania." Id. They allege that "[a] Motion to Compel the Production of Documents is pending with the Superior Court." Id. Plaintiffs contend that "the lower court has commenced a series of obstructive acts to prevent the Appeal" from Mr. Healy's divorce action including, "a. acting without jurisdiction, b. abuse of power – deliberate issuance of void orders, c. abuse of power – intimidation to prevent court reporters from producing transcripts for the Appeal, d. conspiracy – prothonotary has failed to forward all documents and necessary exhibits to the Superior Court." Id. Plaintiffs assert that "[w]hen Rule 1.6 is applied to the

---

unless the client gives informed consent." Pa. Rules of Prof'l Conduct R. 1.6(a).
  [2] Plaintiffs' response to Kane's motion to dismiss also attaches dockets for the following appeals, apparently from Mr. Healy's divorce action: Healy v. Healy, No. 1330 EDA 2013 (Pa. Super. Ct.); and Healy v. Healy, 155-MM-2013 (Pa.). Also attached is a docket for an ejectment matter in which Mr. Healy is a plaintiff: Healy v. Miller, No. 2013-29976 (Pa. Ct. Com. Pls. Montgomery Cnty.).

above injustices, they are lawful and a required necessity as they protect the integrity and reputation of the judiciary." Id. In support of plaintiffs' claim, Mr. Healy alleges a

> series of acts of extreme and deliberate attorney misconduct on the court record, in the court docket, available in the transcripts of hearings in the matter during hearings in February 2013 which were held improperly during the pendancy [sic] of an ignored appeal to seek enforcement of a void order issued during the pendancy of that ignored appeal, where that void order was based on a prior void order, which was further based on a void order for equitable distribution which was based on a void and defective divorce decree.

Id. at ECF p. 14. Plaintiffs contend that "Rule 1.6 provides the law to support [these] decisions, which [the judiciary of the Commonwealth of Pennsylvania] cannot in good conscience defend or explain." Id. at ECF p. 9.

Plaintiffs' complaint also alleges that Todd Krautheim is a party to a foreclosure action brought by Bank of America, National Association in the Court of Common Pleas for Bucks County in January 2011 (Bank of America, N.A. v. Krautheim, No. 2011-00193 (Pa. Ct. Com. Pl. Bucks)).[3] Id. at ECF p. 15. Plaintiffs assert that "[a] Judgment entered in May 2011 was unknown to [Mr. Krautheim] until November 2012." Id. They assert that "[a]fter a hearing where documented acts of misconduct were presented, the Court recognized the standard had been met for a 'petition to strike' and ordered, adjudged and decreed that the judgment be stricken." Id. Plaintiffs allege that "[a]n act of fraud relating to the transfer of the mortgage for the property created the misconduct necessary under Rule 1.6 to undermine [Mr. Krautheim,] the Pro Se defendant in the matter." Id. They contend that "[e]fforts to expose, address or resolve the matter have been hindered as any effort to resolve will expose the fraudulent title transfer."

---

[3] Plaintiffs' response to Kane's motion to dismiss also attaches dockets for the following mortgage foreclosure matters in which Mr. Krautheim is a defendant: US Bank National Association v. Krautheim, No. 2012-05546 (Pa. Ct. Com. Pl. Bucks); and First Savings Bank of Perkasie v. Krautheim, No. 2013-07214 (Pa. Ct. Com. Pl. Bucks).

Id. Plaintiffs assert that Bank of America "subsequent[ly] submit[tted ] another fraudulent title[,] continu[ing] this hindrance of preventing resolution and providing [the Bank] the opportunity to assert Rule 1.6 – in their defense, or – in the defense of their client, or – in the defense of the judge who signed the initial judgment." Id. They allege that "[t]he matter could eventually escalate to a higher court where the same Rule 1.6 would prevent any discussion of the misconduct, or any action which caused the misconduct." Id.

Plaintiffs assert a litany of complaints about Rule 1.6 and its alleged effects including, inter alia, that it "lawfully excuses": (1) "the failure to transmit the court record, even when Ordered by the Superior Court," (2) "the Superior Court from compelling the production of the court record," and (3) "the lower court failure to follow an order compelling production of the court record." Id. at ECF p. 8. They further assert that it "lawfully excuses": (1) "the failure to transmit the court record when ordered by the Supreme Court of Pennsylvania," and (2) "the Supreme Court from enforcing a Mandamus Order compelling the production of the court record." Id. at ECF p. 9. They further assert that "Rule 1.6 lawfully and effectively nullified Pennsylvania Law[,] The Rules of Appellate Procedure[,] The Superior Court of Pennsylvania[,] and the Supreme Court of Pennsylvania." Id. Furthermore, they claim that "Rule 1.6 lawfully destroys the integrity and reputation of the judges" and that "[t]he judiciary is clearly placed into a moral and ethical situation where saving the integrity and reputation of the judiciary is more important to society than justice for a Pro Se litigant." Id. They claim that "Rule 1.6 is obstructing justice, denying justice, preventing access to the courts, denying civil rights, denying constitutional rights and constitutionally protected liberties." Id. at ECF p. 12.

Plaintiffs claim that they endeavored to "take action to address Rule 1.6" by going to Harrisburg, Pennsylvania. Id. They allege that Kane "refused to meet with the Plaintiffs," as did

"Paul J. Killion, Chief Disciplinary Counsel" of the Disciplinary Board of the Supreme Court of Pennsylvania, and Rober A. Graci, Chief Counsel of the Judicial Conduct Board. Id. Plaintiffs' complaint alleges that "Defendant Kathleen Kane, and the Attorneys General, are bound by the Rules of Professional Conduct – Rule 1.6 and as such are limited in the actions which they are permitted to take in defense of this challenge as any action could or would be a violation of Rule 1.6 – the constitutionality of which is in question." Id.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of subject matter jurisdiction. "A motion under Rule 12(b)(1) may be treated as either a facial attack on the complaint or a factual challenge to the court's subject matter jurisdiction." Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). Because Kane's motion presents a facial attack on plaintiffs' claims, I assume that their allegations are true and consider whether "the pleadings fail to present an action or claim within the court's jurisdiction." Hall v. Easton Area Sch. Dist., No. 10–7603, 2012 WL 526287, at *2 (E.D. Pa. Feb. 17, 2012), citing Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Plaintiffs bear the burden of persuasion when subject matter jurisdiction is challenged. Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations omitted). The question is not

whether plaintiffs will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (3d Cir. 2007). Instead, for plaintiffs' claims to survive defendants' motions to dismiss, their "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Because plaintiffs "ha[ve] filed [their] complaint pro se, [the Court] must liberally construe [their] pleadings, and . . . apply the applicable law, irrespective of whether [they] ha[ve] mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003), see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se complaints to "less stringent standards than formal pleadings drafted by lawyers"). "Courts are to construe complaints so as to do substantial justice, keeping in mind that pro se complaints in particular should be construed liberally." Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) (citation omitted).

## DISCUSSION

### I. Jurisdiction Over Plaintiff's Claims

Plaintiffs acknowledge that "this court does not have jurisdiction in the State matter" but assert that they "are NOT petitioning this Honorable Court regarding their legal matters currently before the State court." Dkt. No. 1 at ECF p. 7. They contend that "[t]he actual information about their cases is provided to demonstrate the necessity of this challenge." Id. Notwithstanding plaintiffs' assertions and although they state that in their action they seek to claim violations of their constitutional rights, it is evident from reading their complaint that at least some of their claims result from their dissatisfaction with how the state courts have handled their respective divorce and foreclosure actions.[4]

---

[4] In their response to Kane's motion to dismiss, plaintiffs assert that they also seek

A.      **Rooker-Feldman**

To the extent that plaintiffs seek review and rejection of decisions previously made by the Pennsylvania state courts, their claims fall under the purview of the Rooker-Feldman doctrine[5] and this Court cannot exercise its jurisdiction over their claims. "The Rooker-Feldman doctrine is implicated when, in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." In re Madera, 586 F.3d 228, 232 (3d Cir. 2009).

> [T]here are four requirements that must be met for the Rooker–Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010), quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)

At least certain of the injuries claimed by plaintiffs in their complaint appear to have been caused not by Kane's actions, but rather by the state courts' handling of certain of their state court actions. "A useful guidepost is the timing of the injury, that is, whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by' those proceedings." Great W. Mining, 615 F.3d at 167. The injuries of

---

to effectively challenge the state courts' handling of other legal actions to which plaintiffs were not themselves parties, e.g. "actions relating to attorney or judicial misconduct including Cash for Kids (Luzerne County, PA), Foreclosure Crisis (Nationwide), Penn State University Scandal (State College, PA). Dkt. No. 9 at ECF p. 9. They argue that in these examples "the crimes were permitted to continue where any investigation/prosecution would have resulted in the exposure of crimes and misconduct where Rule 1.6 mandated confidentiality of information and prevented lawful action by a District Attorney, an Attorney General or any officer of the court." Id. at ECF p. 10.

[5] D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S, 413 (1923).

which plaintiffs here complain did not exist prior to the relevant state court proceedings. For example, plaintiffs complain that, in his divorce action Mr. Healy was injured by alleged attorney misconduct connected to an "ignored appeal to seek enforcement of a void order . . . which was based on a void and defective divorce decree." Dkt. No. 1 at ECF p. 14. They also complain that in the foreclosure action initiated by Bank of America after the May 2011 entry of a judgment in the Bucks County Court of Common Pleas Mr. Krautheim was injured by the bank's subsequent "submission of another fraudulent title" permitting the bank "to assert Rule 1.6 . . . in the defense of the judge who signed the initial judgment." Id. at ECF p. 15.

With respect to these claims, it is clear that plaintiffs are, at bottom, asking the Court to consider and reverse determinations made in the state court divorce and mortgage foreclosure proceedings. The Rooker-Feldman doctrine bars the Court's consideration of such claims in this action.[6]

### B. Younger Abstention

To the extent that plaintiffs seek to challenge the state courts' actions in matters that remain pending in state court (i.e., by reason of an appeal to the Pennsylvania Superior Court or Pennsylvania Supreme Court) and that have not yet reached final resolution, this Court must abstain by reason of the abstention doctrine defined in Younger v. Harris, 401 U.S. 37 (1971). Under the doctrine of Younger abstention, federal courts must abstain where: "(1) there are ongoing state proceedings involving the would-be federal plaintiffs that are judicial in nature, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Middlesex Cnty. Ethics Comm. v. Garden

---

[6] To the extent that plaintiffs do "not, [in their complaint,] complain of injuries caused by a state court decision," and instead raise "a direct challenge to the constitutionality" of Rule 1.6, their complaint is "not subject to dismissal under the Rooker-Feldman doctrine." Gray v. Yavil, 513 F. App'x 210, 212 (3d Cir. 2013)

State Bar Ass'n, 457 U.S. 423, 432 (1982); Gwynedd Properties, Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1200 (3d Cir. 1992). A case is considered "ongoing" so long as a party has yet to exhaust state appellate remedies. O'Neill v. City of Phila., 32 F.3d 785 (3d Cir. 1994), quoting Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975) ("'[A] necessary concomitant of Younger is that a party must exhaust his state appellate remedies before seeking relief in the District Court.'").

Here, from plaintiffs' own submissions in response to Kane's motion to dismiss, it appears that there are pending state court proceedings involving Mr. Healy and Mr. Krautheim raising issues directly related to those raised by plaintiffs in this matter. See Dkt. No. 9 at ECF p. 40 (docket reflecting ongoing proceedings in Healy v. Healy, 155-MM-2013 (Pa.); id. at ECF p. 32 (docket reflecting open case in Healy v. Miller, No. 2013-29976 (Pa. Ct. Com. Pls. Montgomery Cnty.); id. at ECF p. 39 (docket reflecting open matter in US Bank National Association v. Krautheim, No. 2012-05546 (Pa. Ct. Com. Pl. Bucks)); id. at ECF p. 41 (docket reflecting open matter in First Savings Bank of Perkasie v. Krautheim, No. 2013-07214 (Pa. Ct. Com. Pl. Bucks)).

To the extent that plaintiffs' claims relate to injuries resulting from Mr. Healy's pending appeal from his divorce matter, deference to the state courts is particularly appropriate given that "the United States Supreme Court has long recognized a domestic relations exception" to federal jurisdiction for cases "'involving the issuance of a divorce, alimony, or child custody decree.'" Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 245 (3d Cir. 2008), quoting Ankenbrandt v. Richards, 504 U.S. 689, 704 (1992); see also Schapiro v. Montgomery Cnty. Ct., No. 95-0986, 1995 WL 348670, at *4 (E.D. Pa. June 8, 1995) (holding that, for purposes of Younger abstention, pending divorce case implicated important state interests), aff'd 74 F.3d

1227 (3d Cir. 1995). Likewise, Mr. Healy's pending matter in ejectment and Mr. Krautheim's pending mortgage foreclosure matters implicate important state interests. "The state has an important interest in resolving disputes related to real property located within its jurisdiction, as such disputes implicate matters primarily governed by state law." Beck v. Wells Fargo Bank, N.A., No. 10-4652, 2011 WL 3664287, at *5 (E.D. Pa. Aug. 19, 2011); see also Coppedge v. Beaumont, No. 10-394, 2010 WL 2382944, at *2 (D. Del. June 11, 2010) ("Pennsylvania has an important interest in resolving real estate issues, and a ruling in the Pennsylvania courts implicates the important interest of preserving the authority of the state's judicial system.").

Finally, plaintiffs' allegations are not sufficient to support a finding that they have not had an adequate opportunity to raise any constitutional claims or to seek review of the decisions of the Court of Common Pleas in state court. See Coppedge, 2010 WL 2382944, at *2. Accordingly, to the extent that plaintiffs complain of injuries arising out of the pending state court actions, dismissal of such claims is warranted pursuant to Younger. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) (stating that Younger abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

**III.  Standing**

Even if the Court were not required to abstain from hearing plaintiffs' claims under Rooker-Feldman or Younger, plaintiffs' claims could not proceed because plaintiffs lack standing to bring this action challenging the constitutionality of Rule 1.6, as Kane asserts in her motion to dismiss. "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." Berg v. Obama, 586 F.3d 234, 242 (3d Cir. 2009) (internal quotation marks omitted). A dismissal for lack of standing is effectively the same as a dismissal for failure to state a claim. Baldwin v. Univ. of Pittsburgh

-10-

Med. Ctr., 636 F.3d 69, 73 (3d Cir.2011). In evaluating whether plaintiffs have adequately pled the elements of standing, the Court applies the same standard for reviewing a complaint pursuant to Rule 12(b)(6). Id. at 73-74.

To establish that they have standing, plaintiffs must allege:

> (1) an "injury in fact"; (2) "a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court"; and (3) a showing that it "be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

N.J. Physicians, Inc. v. President of United States, 653 F.3d 234, 238 (3d Cir. 2011), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

> To establish injury in fact, a plaintiff must allege an injury that is both (1) "concrete and particularized" and (2) "actual or imminent, not conjectural or hypothetical." Each of these definitional strands imposes unique constitutional requirements. An injury is "concrete" if it is "real,", or "distinct and palpable, as opposed to merely abstract," while an injury is sufficiently "particularized" if it "affect[s] the plaintiff in a personal and individual way." The second requirement – "actual or imminent, not conjectural or hypothetical" – makes plain that if a harm is not presently or "actual[ly]" occurring, the alleged future injury must be sufficiently "imminent." Imminence is "somewhat elastic," but requires, at the very least, that the plaintiffs "demonstrate a realistic danger of sustaining a direct injury." In other words, there must be a realistic chance – or a genuine probability – that a future injury will occur in order for that injury to be sufficiently imminent.

N.J. Physicians, 653 F.3d at 238 (citations omitted).

Even liberally construing plaintiffs' litany of criticisms about Rule 1.6, the Court is unable to ascertain from their complaint the requisite concrete and particularized and actual or imminent injury resulting from the Rule's operation. Plaintiffs have not provided "'enough facts to raise a reasonable expectation that discovery will reveal evidence" that they have suffered an

injury in fact or any causal connection between any such injury in fact and Rule 1.6. Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556.

Nor have plaintiffs alleged with any specificity how if the Court were to declare Rule 1.6 unconstitutional any such injuries would be redressed. Indeed, any relief that plaintiff seeks with respect to Rule 1.6 cannot be had from Kane. Kane does not have statutory authority to amend or revoke Rule 1.6. See 71 P.S. § 732-204(a)(3) ("It shall be the duty of the Attorney General to uphold and defend the constitutionality of all statutes so as to prevent their suspension or abrogation in the absence of a controlling decision by a court of competent jurisdiction."). Instead, the Supreme Court of Pennsylvania, and not the Commonwealth's Attorney General, is tasked with "the power to prescribe general rules for admission to the bar and to practice law." Pa. Const. art. V, § 10(c); see also Beyers v. Richmond, 937 A.2d 1082, 1091 (Pa. 2007) ("The authority granted to the judiciary in Article V § 10(c) is exclusive, not concurrent."); Office of Disciplinary Counsel v. Marcone, 855 A.2d 654, 658 n. 3 (Pa. 2004) (noting the Pennsylvania Supreme Court's "inherent and exclusive power to supervise the practice of law in our Commonwealth and the conduct of attorneys who are its officers"). Rule 1.6 of the Rules of Professional Conduct was promulgated by the Supreme Court of Pennsylvania pursuant to Article V, Section 10(c). Because Kane cannot provide plaintiffs with relief from the requirements of Rule 1.6, dismissal of their claims is warranted for lack of standing.

Further, to the extent that plaintiffs seek to assert their claims regarding the constitutionality of Rule 1.6 "in the name of the United States," they lack standing to do so.

> A litigant "raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than

>it does the public at large does not state an Article III case or controversy."

Hollingsworth v. Perry, --- U.S. ----, 133 S. Ct. 2652, 2662 (2013), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 573-74 (1992).

Accordingly, dismissal of plaintiffs' complaint is also merited for their failure to set forth sufficient allegations to establish standing to challenge the constitutionality of Rule 1.6.

## IV. Conclusion

Because their pleadings do not include any allegations suggesting that they could conceivably establish subject matter jurisdiction or standing, the Court finds that any amendment of plaintiffs' claims would be futile. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (finding that "futility" may "justify a denial of leave to amend"). Accordingly, I will dismiss plaintiffs' complaint with prejudice.

An appropriate Order follows.