IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Terance Healy,<br>Todd M. Krautheim,<br>In the name of THE UNITED STATES<br><br>v.<br><br>Kathleen Kane<br>Pennsylvania Attorney General;<br>And<br>The Attorneys General of the United States | ) <br>) <br>) Civil Action# 13-4614<br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

FILED
NOV 26 2013
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MOTION FOR RECONSIDERATION

1. Plaintiffs respectfully request the Reconsideration of this Honorable Court regarding the Order of 29th day of October 2013.

2. The Court has written that the decision was based on the Rooker-Feldman doctrine which does not subject this matter to dismissal, and the Younger abstention which is not relevant to the constitutional matter before this Court, and Article III which grants judicial power to the District Court for cases which arise under the US Constitution.

3. Plaintiffs respectfully address the issues presented by the Court's Memorandum dated October 29, 2013.

LAWFUL APPROACH

4. Plaintiffs have filed this Constitutional Challenge to address the denial of their civil rights and liberties which are guaranteed by the US Constitution.

5. The denial of their rights and liberties has been caused by an improperly and unlawfully enacted state law – Rule 1.6 Confidentiality of Information of the Rules of Professional Conduct.

ARTICLE V SECTION 10(c)

6. Pursuant to Pennsylvania Constitution of 1968, Article V, Section 10(c), "... the power to prescribe general rules governing practice, procedure, and conduct of all courts... <u>if such rules are consistent with Constitution and neither abridge, enlarge or modify the substantive right of any litigant</u>, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of peace, nor suspend nor alter any statute of limitation or repose. All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions." As Rule 1.6 causes the denial of substantive rights of a litigant, the Pennsylvania Supreme Court lacks the authority required to properly and lawfully enact Rule 1.6 into law.

NECESSITY

7. The Plaintiffs have been directly harmed by the denial of their constitutionally protected rights. The harm suffered will continue until the law which mandates that the state courts ignore their rights is nullified and their rights and liberties are restored.

8. The Constitutional Challenge before this court is a NECESSITY. The Challenge presents the loss of constitutionally protected rights and liberties and the irreparable harm and inescapable injustice which occurs when basic rights and liberties are irretrievably denied and prevented.

ROOKER – FELDMAN DOCTRINE

9. While the plaintiffs have clearly stated their singular intention to present the constitutional challenge to this Honorable Court for review, the Court has inappropriately and incorrectly written "that plaintiffs seek review and rejection of decisions previously made by the Pennsylvania state courts." The state court records are evidentiary for the purpose of demonstrating the unconstitutionality of actions mandated by the law being challenged.

10. The Court incorrectly writes that "it is clear that plaintiffs are, at bottom, asking the Court to consider and reverse determinations made in the state court divorce and mortgage foreclosure proceedings."

11. The referenced footnote on page eight correctly indicates "To the extent that plaintiffs do "not, [in their complaint,] complain of injuries caused by a state court decision," and instead raise "a direct challenge to the constitutionality" of Rule 1.6, their complaint is "not subject to dismissal under the Rooker-Feldman doctrine." Gray v Yavil, 513 F. App'x 210,212(3d Cir. 2013)

12. Plaintiffs have not petitioned this Honorable Court to affirm or reject any decision or opinion of the state court. Plaintiffs concur with the Court that the constitutional challenge is "not subject to dismissal under the Rooker-Feldman doctrine."

VENUE

13. This matter is properly placed in the US District Court as the proper court of first instance for a Constitutional Challenge. The underlying state court cases are not the subject of review. The state court actions and decisions are the evidence which demonstrates the constitutional issue and the necessity for this challenge.

YOUNGER ABSTENTION

14. The state court lacks jurisdiction to address a Constitutional Challenge where the rights guaranteed by the United States Constitution have been denied as a consequence of a state law. Additionally, the state court is prevented from a proper review of the matter as the law being challenged mandates and prevents any proceeding or remedy at the state level. The constitutionality of the law must be addressed at a federal level.

15. The state supreme court's direct responsibility for authoring, enacting and enforcing the law in question represents an undeniable conflict of interest which would preclude the state supreme court from proper jurisdiction. The state supreme court is prevented by Rule 1.6 from acting

sua sponte to address the unconstitutional law. Rule 1.6 resists lawful resolution of the constitutional issue further demonstrating the necessity of this matter before this Honorable Court.

16. The Younger Abstention does not apply to this constitutional issue as there can be no state proceeding which affords any opportunity to raise this federal/constitutional claim.

## ATTORNEYS GENERAL

17. Pursuant to Federal Rules of Civil Procedure Rule 5.1(a)(2) Constitutional Challenge to a Statute – Notice, Certification, and Intervention, Pennsylvania Attorney General Kathleen Kane and the Attorneys General of the United States have been served with the Constitutional Challenge as "a party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly serve the notice and paper on the Attorney General of the United States if a federal statute is questioned – or on the state attorney general if a state statute is questioned."

18. There has been no record on the Court docket regarding Certification by the Court with the Attorneys General that a statute has been questioned pursuant to Federal Rules of Civil Procedure Rule 5.1(b).

19. Attorney General Kathleen Kane and this Court have improperly understated and paraphrased the law being challenged in this matter with the implication that the plaintiffs are challenging 'attorney-client privilege'. Plaintiffs are challenging the constitutionality of Rule 1.6 in it's entirety.

20. Analysis of Rule 1.6 indicates it is not a necessity for justice. It was only after Rule 1.6 was enacted into law that the denial of Constitutional Rights became lawful and injustice was ignored.

## CONSTITUTIONAL RIGHTS AND LIBERTIES

21. Once this Court has ruled on the constitutionality of the law, the litigants rights will be restored and state court will be lawfully permitted to hear, address and resolve the injustices experienced in the state courts. The Judiciary will have the ability and opportunity to correct injustices and restore their integrity through each judges own actions and rulings. The judiciary should never have been mandated to suffer the loss of integrity required to conceal injustice.

22. The evidence in support of the facts in the complaint demonstrate the denial of constitutionally protected rights by the state courts. Those civil rights and liberties have been denied and ignored as a mandate of the law being challenged.

23. The Plaintiffs have yet to present this Court with their experience in the state courts which clearly demonstrates the denial of their rights, the injustices experienced in their respective cases, and the inability of the courts and the government to permit due process and procedure to petition the government for redress of grievances.

24. The relief requested will not usurp state jurisdiction or authority, or overturn any state decision(s) or opinion(s). The remedy will permit the state court to address parties in an unbiased, unaffected and fully informed equal forum.

25. It is not appropriate or lawful for this Honorable Court to dismiss this Constitutional Challenge and further deny, delay and prevent the plaintiffs from their civil rights and liberties under the United States Constitution.

STANDING

26. Plaintiffs have presented their 'injury in fact" and the causal connection between the injury and the law being challenged. A determination that Rule 1.6 is unconstitutional would permit the injury to be addressed by restoring their constitutional rights in the state courts.

27. The injury is defined, documented and evident upon review of the state court record.

28. The chance of future injury occurring is likely and demonstrated by the matter already indicated for inclusion in this matter. In Healy v Healy where a defective and void series of court orders has been used as the basis for a penalty in excess of $300,000 ordered in March 2013.

29. The chance of future injury occuring is actual and demonstrated in the matter of Healy v Miller, where a defective and void order from Healy v Healy has been improperly presented by Miller in November 2013 as a valid order of the court with statement that the validity of the order cannot be collaterally challenged in an Action for Ejectment.

RECONSIDERATION

30. The Court's review of the pleadings indicates proper subject matter jurisdiction, a valid statement of a claim for which relief can be granted, proper authority and jurisdiction for this Court to proceed with the matter, and a concise statement of the case being presented to the Court.

31. As the Court is not required to dismiss the matter under Rooker-Feldman doctrine, or Younger abstention.

32. Article III of the US Constitution provides jurisdiction and authority to the Court for all cases which arise under the constitution.

Plaintiffs respectfully request the review and Reconsideration of this Honorable Court to address the improper and unsubstantiated dismissal of this matter in the Court's Order of 29th day of October 2013.

Respectfully,

_____  _____
Terance Healy                Todd M. Krautheim
c/o 871 Mustang Road         207 Woodspring Circle
Warrington, PA  18976        Doylestown, PA  18901
(215) 262-0938               (215) 489-9790

IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Terance Healy, <br> Todd M. Krautheim, <br> In the name of THE UNITED STATES <br><br> v. <br><br> Kathleen Kane <br> Pennsylvania Attorney General; <br> And <br> The Attorneys General of the United States | ) <br> ) <br> ) Civil Action# 13-4614 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**FILED**

NOV 2 6 2013

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

CERTIFICATE OF SERVICE

Plaintiff's hereby certify that on November 26, 2013 a copy of

the Plaintiff's Motion for Reconsideration

was filed in person by the Plaintiffs at

The United States District Court for the Eastern District of Pennsylvania
Philadelphia, PA

and is available for viewing and downloading from the Courts Electronic Case Filing System.

_____
Terance Healy
c/o 871 Mustang Road
Warrington, PA  18976

(215) 262-0938

_____
Todd M. Krautheim
207 Woodspring Circle
Doylestown, PA  18901

(215) 489-9790